PAUL MOGUL, Respondent, *v.* JENKINS BROTHERS, Appellant.

Supreme Court, Appellate Term, First Department, February 19, 1953.

*Joseph D. Allen* and *Sillik Polayes* for appellant.

*Edward M. Frankel* for respondent.

HECHT, J.   The plaintiff, a resident of New York and the successor in interest of a dissolved New York corporation, sued the defendant for the latter's failure to honor an assignment of wages made to plaintiff's predecessor by one Rogers, an employee of defendant.   Rogers, a resident of New York State, executed and delivered the wage assignment to plaintiff's predecessor in the State of New York to secure payment of the purchase price of a watch purchased by Rogers from plaintiff's predecessor.   Defendant is a New Jersey corporation doing business in the State of New York.   However, the contract of employment between Rogers and defendant was entered into in Connecticut and performable only in that State.   Rogers was employed at the Connecticut plant, which was the only manufacturing plant of defendant, and he received his wages at the plant.   He never did any work for defendant in the State of New York.

Although the assignment of wages is valid in this State (Personal Property Law, § 48-a), it is concededly void under the statutes of the State of Connecticut.   The question of whether or not a contract is assignable is controlled by the law of the place where the contract is made and is to be performed, whereas the question of the validity of the transfer of a claim which is capable of assignment is governed by the law of the place where the assignment is made.   The distinction is pointed out in Beale on Conflict of Laws (Vol. 2, pp. 1251 *et seq.*).   At page 1251 it is stated that " Whether a right under a contract can be transferred so as to give the transferee a right similar to that previously held by the transferor is determined by the laws of the place where the contract to be transferred was made, not by the law of the place of transfer or assignment, since this is really a question of the effect of the original contract, not of the contract of assignment."   At page 1253 it is pointed out that the validity of the assignment of a contract (assuming its assignability) is governed by the law of the place of assignment.

These views are followed in the Restatement of the Law of Conflicts of Laws.   Thus, section 348 states that " Whether a right under a contract is capable of being transferred by the owner, is determined by the law of the place of contracting " whereas section 351 provides that " The capacity of the assignor to make an effective assignment of a right under an informal contract is determined by the law of the place of assignment "

and section 352 declares that " The formalities necessary to make an effective assignment of a right under an informal contract are determined by the law of the place of assignment."

In *Coleman* v. *American Sheet & Tin Plate Co.* (285 Ill. App. 542) an assignment of wages made in Illinois was held void because the law of Indiana, where the assignor had been hired, worked, and was paid, forbade such an assignment. The court said (p. 545) : " A careful examination of the cases and text-books cited convinces us that the question of the assignability of unearned wages, as a right arising out of a contract of employment, * * * should be determined by the same law which governs the contract of employment, which in the instant case is the law of Indiana." The case of *Monarch Discount Co.* v. *Chesapeake & Ohio Ry. Co.* (285 Ill. 233) is clearly distinguishable. In that case the court pointed out (p. 238) : " There is no proof in the record sustaining the averment that this contract is to be performed in Indiana. The record is silent as to where Beckett's salary or wages are to be paid. The road of the Chesapeake & Ohio Railway Company of Indiana runs into Chicago, and the duties of Beckett frequently call him across the line into Chicago as switchman or extra conductor on the road of his employer."

The other cases cited by the plaintiff involve wholly different factual situations and have no application to the instant case.

Since the employment contract between Rogers and defendant was not assignable under the law of the State of Connecticut, where the contract was made and was to be performed, the plaintiff and its predecessor are not entitled to enforce the assignment against the defendant. It is accordingly unnecessary to consider the other grounds for reversal urged by the latter.

The judgment should be reversed, with $30 costs, and complaint dismissed on the merits, with costs.

HAMMER and EDER, JJ., concur.

Judgment reversed, etc.